UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLIOTT S. SAFFRAN<br>  Appellant<br><br>            v.<br><br>NOVASTAR MORTGAGE, INC.<br>  Appellee | )<br>)<br>)<br>)<br>) Case No. 4:07-CV-40257-PBS<br>)<br>)<br>)<br>) |

**ORDER RE: EMERGENCY MOTION FOR STAY PENDING APPEAL**

October 18, 2007

Saris, U.S.D.J.

### I. INTRODUCTION

Pro se Appellant Elliott S. Saffran, who has filed for Bankruptcy protection under Chapter 13, seeks emergency relief to stop a foreclosure on his home.  After hearing and a review of the submissions, I **DENY** the Emergency Motion for Stay Pending Appeal.

### II. BACKGROUND

The record before the Court contains evidence of the following facts:

**1. The Mortgage**

Appellee, Novastar Mortgage, Inc., is the holder of a promissory note in the original principal amount of $420,000.00, dated June 27, 2006, which Mr. Saffran executed and delivered to Novastar.  To secure the Note, Mr. Saffran executed and delivered a mortgage on his home at 26 Debbie Lane, Milford, Massachusetts

to Mortgage Electronic Registration Systems, Inc. ("MERS"), as "nominee" for Novastar, in the amount of $420,000.00.  The mortgage was recorded in the Worcester County (South District) Registry of Deeds in Book 39320 at Page 59.  The mortgage grants MERS, as Novastar's nominee, the power of sale, and also provides Novastar, as the Lender, with the power to invoke the statutory power of sale.  The mortgage states:  "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law."  The mortgage also enables Novastar, as Lender, to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property, and rights under this Security Instrument," including appearing in court if there is a legal proceeding that may significantly affect Novastar's interest in the mortgaged property.  Novastar also maintains a number of other rights under the mortgage; for example, if the mortgaged property is sold without Novastar's prior written consent, Novastar may require immediate payment in full of all sums secured by the mortgage.

Mr. Saffran last made payment to Novastar on September 29, 2006.  The total amount of payments past due is $44,192.40.  As a result of Mr. Saffran's failure to make payments after that date, Novastar decided to initiate foreclosure proceedings.

Portions of the record regarding the foreclosure process are unclear.  As part of its routine practice in preparation for foreclosure, Novastar requested that MERS assign the mortgage to Novastar.  Novastar asserts that the mortgage was assigned by MERS to Novastar on February 5, 2007, but then states that an assignment of the mortgage was intended to be executed with the foreclosure deed, reciting the actual date of the assignment and transfer of the mortgage.  To confuse things further, the assignment provided to the Court was dated October 8, 2007 with a purported retroactive effective date of February 5, 2007.  This assignment and transfer has not been recorded in the Registry of Deeds.  Novastar's foreclosure counsel filed a complaint in the Massachusetts Land Court identifying Novastar as the holder of the mortgage on February 6, 2007.  On March 12, 2007, Novastar's foreclosure counsel scheduled a foreclosure sale for April 26, 2007 and published advertisements of the sale stating that Novastar was the holder of the mortgage.

**2.   The Bankruptcy**

Presumably in response to the impending foreclosure, Appellant, Mr. Saffran, filed for protection under Chapter 13 in the United States Bankruptcy Court for the District of Massachusetts (Worcester) on April 23, 2007.  Novastar moved for relief from the automatic stay on June 18, 2007 and the Bankruptcy Court entered an order allowing Novastar's motion for

relief from the automatic stay on July 24, 2007.

After Novastar was granted stay relief, Novastar's foreclosure counsel rescheduled the foreclosure sale and this time identified MERS as the holder of the mortgage in the notices and publications published in connection with the rescheduling of the foreclosure sale. This foreclosure sale has since been cancelled. (Counsel now states that the foreclosure notices done in the name of MERS, not Novastar, were in error.)

Mr. Saffran requested that the Bankruptcy Court reconsider and reinstate the automatic stay, but the Bankruptcy Court declined to do so, denying Mr. Saffran's motion on August 21, 2007. Mr. Saffran appealed the Bankruptcy Court's orders granting relief from the stay and simultaneously filed an emergency motion for stay pending appeal. On August 31, 2007, the Bankruptcy Court denied Mr. Saffran's emergency motion. Mr. Saffran filed his Emergency Motion for Stay Pending Appeal with this Court on October 2, 2007.

### III. DISCUSSION

1. **Standard for Stay Pending Appeal**

In order to succeed on a motion for stay pending appeal, the movant must demonstrate that: (1) there is a likelihood of success on the merits of the appeal; (2) the moving party will suffer irreparable harm if a stay is not granted; (3) the harm to the moving party if the stay is not granted is greater than the

injury to the opposing party if the stay is granted; and (4) the public interest would not be adversely affected by the issuance of the stay.  In re Miraj and Sons, Inc., 201 B.R. 23, 26 (Bankr. D. Mass. 1996) citing In re Froment, 171 B.R. 170, 172 (Bankr. D. Mass. 1994).  Mr. Saffran raises three arguments to demonstrate a likelihood of success on the merits on appeal.

    First, Mr. Saffran argues that Appellee, Novastar, lacks standing to seek relief from the automatic stay because MERS, not Novastar, is the holder of the mortgage.  In re Huggins, 357 B.R. 180, 184 - 85 (Bankr. D. Mass. 2006) (holding that as nominee of the mortgage, MERS had standing to assert the mortgage rights in a stay relief motion).  Novastar insists that it was the holder of the mortgage when the foreclosure proceedings were initiated, and that the most recent notice listing MERS as the holder was in error.  While the record is unclear as to when the mortgage was assigned, this ambiguity does not help appellant, for even if MERS were still legally the holder of the mortgage in June 2007, Novastar had standing to seek relief from the stay.  In this case, regardless of whether Novastar technically had "ownership" of the mortgage, Novastar retained the authority to invoke the statutory power of sale, pursuant to Mass. Gen. Laws ch. 244, § 14, and to appear in court to protect its financial interests. Cf. Nichols v. Cadle Co., 139 F.3d 59, 62 (1st Cir. 1998) (involving situation where there are "splintered rights that, taken together, comprise 'ownership' of the mortgage").  Thus,

regardless of whether the assignment from MERS to Novastar was in effect in the spring of 2007, or whether the current assignment has retroactive effect,[1] Novastar had sufficient financial interest to have standing to seek relief from stay.

In any event, MERS has now assigned the mortgage to Novastar in writing; an unrecorded assignment can confer standing to foreclose. See, e.g., Lamson & Co. v. Abrams, 305 Mass. 238, 242, 25 N.E.2d 374, 376 (Mass. 1940) (noting that the "holder of the unrecorded assignment was entitled to possession and to foreclose by sale"); Provident Co-Op. Bank v. James Talcott, Inc., 358 Mass. 180, 188, 260 N.E.2d 903, 908 (Mass. 1970).

Second, Mr. Saffran argues that the Bankruptcy Court erred by not giving him an evidentiary hearing, particularly with respect to whether he has made post-petition payments to Novastar. At the Court's request, Novastar filed an affidavit stating that the last payment made by Appellant to Appellee was on September 29, 2006. Mr. Saffran has provided this Court with no contradictory evidence, despite repeated opportunities to do so.

Third, Mr. Saffran has argued that the order entered in the

---

[1] Some courts have found attempts to make mortgage assignments retroactively effective unsuccessful. See, e.g., Countrywide Home Loans, Inc. v. Taylor, No. 5013-2007, 2007 WL 2744892 (N.Y. Sup. Ct. 2007)(holding that, despite a purportedly retroactive assignment, assignee did not have ownership interest in mortgage at time foreclosure action was commenced, as required to foreclose on mortgage).

Bankruptcy Court granting relief from the stay identified the relevant property as located at 23 Debbie Lane, Milford, MA, which property, if there is a building located at that address, is not owned by Mr. Saffran.  The Court has determined that this was a typographical error on the part of the Bankruptcy Court and does not affect the validity of the order.

## IV. ORDER

Mr. Saffran's emergency motion for stay pending appeal is **DENIED**.

                                          **S/PATTI B. SARIS**
                                          United States District Judge